(46 Misc. Rep. 80)

### ROSENBLOOM v. COHEN.

#### (Supreme Court, Appellate Term. December 23, 1904.)

1. VENDOR AND PURCHASER—CONTRACT OF SALE—AGREEMENT AS TO TERMS—
   EVIDENCE.
       In an action to recover a deposit made to secure the execution of a contract for the sale of real estate, evidence *held* insufficient to support a finding that the prospective seller promised to insert in the contract a stipulation that the property was of a certain rental value.

2. EVIDENCE—CONTRADICTION OF WITNESS.
       A witness may be contradicted by circumstances, as well as by state-ments of others contrary to his own.

3. FINDINGS—APPEAL.
       While the weight to be given testimony is peculiarly within the province of the trial court, yet its finding of fact will be reversed when it is clearly apparent that it resulted from a misapprehension of the force and effect of a group of circumstances.
       MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Thir-teenth District.

Action by Abraham Rosenbloom against Hyman Cohen. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Gustavus A. Rogers, for appellant.
Charles Dushkind, for respondent.

FREEDMAN, P. J. The following facts are undisputed: The defendant was the owner of certain premises in this city, and on January 25, 1904, a written instrument was signed by the defendant and the plaintiff's assignor, reading as follows:

"Received from Louis Ettinger Two hundred dollars deposit on property included in the house and lot No. 3 west 118th Street being 100 foot west of 5th Ave. on the northerly side of said W. 118th Street."

"The price of said property being the sum of Thirty one thousand five hun-dred ($31,500) total cash to be paid $6,000.

"The remainder to be on mortgage. The property being taken subject to a first mortgage of $20,000 at five per cent., a second mortgage for $2,667 at six per cent.

"The undersigned agreeing to give to said Ettinger a mortgage for $2,833 at six per cent to be paid me in instalments of $500 per year in semi-annual instalments, the balance of said amount due shall be paid in instalments of $1,000 at the time of the expiration of said second mortgage and to be paid in equal semi-annual instalments.

"The contract to be made on January 27th at seven P. M. at 32 Lewis Street. The amount to be paid on contract is $500.

"Dated January 25, 1904.                                    H. Cohen.

"Witness: B. Rich."

This instrument was executed in duplicate, and both were offered in evidence. At the time of the execution of these instruments, Ettinger, plaintiff's assignor, paid the defendant the $200 therein provided for. Ettinger claims that it was stated, represented, and agreed by Cohen, the defendant, both before and at the time the writings aforesaid were signed, that the rents from the premises equaled the sum of $3,700, and that Cohen also promised and agreed that a clause should be inserted in the contract to be drawn and executed on January 27th, guarantying that such rentals equaled said amount. Upon January 27th the parties again met, and, the defendant refusing to execute a contract containing such a clause, and the plaintiff's assignor refusing to execute any contract unless such a clause was inserted therein, and after each side had tendered the other contracts according to their respective claims, the conference ended, and, Ettinger having assigned his claim to the plaintiff, this action was brought, and plaintiff recovered a judgment for the amount of the deposit.

The material issue contested at the trial was whether or not the defendant promised and agreed that the contemplated contract to be made January 27th should contain a clause guarantying that the rents of the premises, when occupied, would equal $3,700. Testimony upon this question was given by both parties; the defendant, however, continually insisting by objection and otherwise that the writing of January 25th was complete in all its terms and conditions, and that parol testimony was inadmissible to alter or add to them. It is needless to discuss the admissibility of such testimony, for, even assuming, but not deciding, that such testimony was legally admissible, I think that the plaintiff failed to sustain the burden of proof cast upon him. At the time the writing of January 25th was drawn up there were present Ettinger, Cohen, Rosenfeld, a broker, Rich, the attorney for Ettinger, and the defendant's brother part of the time. Rich was an attorney and counselor at law, was acting for and in the interest of Ettinger, and expected to share in the commission arising from the purchase of the property. He drew the papers. He testifies very positively that prior to and at the time the papers of January 25th were being drawn Cohen declared that the rental of the premises was $3,700, and that he (Rich) told Cohen that in the contract to be made on January 27th a clause guarantying such rental to be that amount would be inserted, to which Cohen assented. Rich's testimony makes it especially plain and clear that this rental value was re-

ferred to by himself and Cohen before and at the time the writing was being drawn. Although the papers then signed contained a reference to price, incumbrances, rate of interest, installments, etc., and although Rich testifies that, "We would not have cared to buy the property if he didn't [stipulate, etc.], and we told him so," he utterly fails to explain why he omitted to insert that provision in the writing which he then drew, instead of waiting to insert it in a contract to be drawn later. There is an inherent improbability in his story that should be considered in giving weight to his testimony. The excluded provision was the inducing cause of the purchase, and that it was admitted at that time, when a refusal by Cohen to permit its insertion would have terminated negotiations, throws doubt upon the claim of the plaintiff that such promise was made and relied upon by his assignor. Rich knew the law regarding contracts. He was at the conference in the interest of his client, Ettinger. He was actually engaged in drawing the instrument; and this coveted clause, which was, according to plaintiff's claim, the very essence of the contract, and which could have then been inserted, was entirely left out, and not the slightest mention made thereof. Rosenfeld, the broker, who was present, was not sworn as a witness, nor his absence accounted for, by the plaintiff. Ettinger does not fully corroborate Rich. His testimony is as follows:

"Q. Did you have a conversation with Mr. Cohen on January 25, 1904, at your house? A. Yes, sir. Q. Will you state what was said by you and Cohen? A. He came in with Mr. Cohen in my house, and says he got a house for sale for $31,500, which brings rent $3,700. Q. What did you say to him? A. That was all that was said. Q. What did you say to him? A. If he guaranties the rent, I will take the house. Q. Then what happened? A. Then we gave him $200 on account, and they made out a receipt."

He does not testify that anything was said about putting into a future contract the stipulation, representation, or warranty of the rental value. When asked to give all the conversation he said: "He came in with Mr. Cohen, * * * and says he got a house for sale for $31,500, which brings rent $3,700." "That was all that was said." Opposed to this testimony is that of Cohen, who positively denies the making of such a promise. Cohen's brother was called as a witness for defendant to testify regarding conversations had prior to the papers being made, and the court excluded his testimony as being cumulative—upon whose motion does not appear. We may reasonably assume, therefore, that his testimony would have sustained the contention of the defendant. It also appeared undisputed that the actual rentals derived from the premises at the time the contracts (January 25th) were drawn was $3,480, one of the basement stores being then vacant; and that at the time of the trial the store had been rented at a rate per month which would bring the aggregate amount of the rents received up to the sum of $3,696; and it also appears that the amount of the present rents and the sum for which the vacant store could be reasonably expected to rent for was communicated to Ettinger at the time the writings were signed. It would seem, from all the facts shown, that the claim of the plaintiff's assignor is an afterthought, and was

put forward as a pretext to enable the plaintiff to recover the amount of the deposit. "A witness may be contradicted by circumstances as well as by statements of others contrary to his own." Elwood v. Western Union Tel. Co., 45 N. Y. 554, 6 Am. Rep. 140. While it is peculiarly the province of the trial court to determine what weight should be given to the testimony of witnesses, and an appellate court should act with extreme caution in disturbing such finding, nevertheless, where it is clearly apparent that the judgment resulted from a misapprehension of the force and effect of a group of circumstances, an exercise by the appellate court of its well-defined power is called for. Plaintiff's case rested entirely upon what must be said to be the weakly corroborated testimony of an interested witness, who was himself contradicted by circumstances and witnesses, the force of which was disregarded, or not clearly taken in, and from all the facts and circumstances disclosed herein and the legitimate inferences to be drawn therefrom the plaintiff failed to sustain the burden of proof.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, J., concurs.

MacLEAN, J. (dissenting). For the recovery, as for money had and received, of $200, paid by one Ettinger upon a bargain of the defendant to sell the premises No. 3 West 118th street, in the borough of Manhattan, the plaintiff Ettinger's assignee alleged a promise by the defendant, as part of the bargain, to give a guaranty that the yearly rental of the premises was $3,700, and that this guaranty the defendant refused to give at the time when the formal contract of purchase and sale was to be executed. Copies of a memorandum dated January 1, 1904, and interchangeably signed, were put in by both sides. In it was stated receipt of the $200; designation of the premises; the price, $31,500, including mortgages outstanding and to be given for $25,500; and total cash to be paid $6,000, payable by installments. It ended with: "The contract to be made on January 27th at seven P. M. at 32 Lewis Street. The amount to be paid on contract is $500." At the place and time fixed the assignor tendered a certified check for $500 and a draft contract embodying the guaranty. Defendant did not take the one and refused to execute the other. Chief among the manifold objections raised by the defendant (appellant), and the only ones calling for consideration besides a contention that the judgment is against the weight of evidence, are that parol evidence is inadmissible to vary the terms of the memorandum of sale, which is clear and explicit; that evidence is inadmissible either of prior oral agreements to vary the terms or of prior representations which have become merged in a written contract. Neither of these may prevail. There is no such overwhelming preponderance of contradiction in the testimony or of probabilities as to call for interference here. Testimony was given without objection upon the direct and upon the cross amply sufficient, if credited, to show that

the preliminary memorandum did not express the whole agreement between the parties, and also that an agreement similar to that claimed to have been left out of the memorandum was made subsequent to its signing.  With this evidence in the case, particularly because the way it came in, the judgment should be affirmed.